IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWAN CRISWELL,

        Petitioner,

v.

ERIK WILLIAMS,

        Respondent.

Case No. 21-CV-00520-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Antwan Criswell is currently incarcerated in the United States Penitentiary located in Greenville, Illinois. He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Criswell challenges his conviction and sentence for distribution of a controlled substance; using or carrying a firearm during and in relation to a drug trafficking crime; and possession of a firearm by a prohibited person in *United States v. Criswell*, 19-CR-00015-MRB-1 (S.D. Oh.).[1] In that case, Criswell filed a Motion to Dismiss based on a speedy trial violation, which he later withdrew. He pleaded guilty pursuant to a plea agreement and was sentenced in June 2020. Criswell now attacks the conviction and sentence imposed pursuant to that negotiated plea agreement and guilty plea. Although he invokes *Mathis v. United States*, 136 S. Ct. 2243 (2016) up front, he now asks this Court to vacate his sentence on speedy trial grounds (Doc. 1).

---

[1] In an earlier criminal case, a speedy trial issue led to the dismissal of the case against Criswell. The Government then charged him again, leading to the underlying criminal case that is the focus of his petition here.

This is not the first time that Criswell has brought a challenge to his conviction and sentence. In February 2021, Criswell filed a similar speedy trial claim under 28 U.S.C. § 2255 in the Southern District of Ohio, which that court has not ruled on. *See United States v. Criswell*, 19-CR-00015-MRB-1, Doc. 60. Criswell is foreclosed from doing so again here. A § 2241 is not a vehicle for attempting relitigate the merits of an issue presented on a § 2255 motion. Criswell nevertheless turns to this Court seeking relief under § 2241 based on those same arguments.

The Criswell's § 2241 Petition shall be dismissed with prejudice.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

A federally convicted person may challenge his conviction and sentence on direct appeal or by bringing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, the number of collateral attacks that a prisoner may bring is limited, and Criswell has already brought one.

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition, where the remedy under § 2255 is "inadequate

or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must satisfy three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, he must rely on a new statutory interpretation case. *Id*. Second, he must rely on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. *Id*. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

Criswell does not satisfy the requirements when considering his speedy trial claim. He raises a similar argument in his recently filed § 2255 Motion, which procedurally and substantively counters any arguments regarding a new statutory interpretation case or a decision that he could not have invoked in his § 2255.

## Conclusion

Accordingly, Petitioner Antwan Criswell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must

be filed with this Court within 60 days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** October 20, 2021

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**